EASTON MOBILE HOMES, INC. *vs.* MILO CURTIS. May 27, 1980. The plaintiff brought an action of summary process in a District Court. See G. L. c. 239, § 1. Judgment for possession was entered for the plaintiff, from which the defendant claimed an appeal to the Superior Court. A District Court judge, sitting under statutory authority, denied the plaintiff's motion for summary judgment based on the defendant's failure to comply with G. L. c. 239, § 5, as appearing in St. 1977, c. 655, § 1. Compare *Brockton Redevelopment Authy.* v. *Gilbride, ante* 836 (1980). The judge found for the defendant, and the plaintiff is now appealing from the ensuing judgment for possession.

We need not reach the questions whether the judge incorrectly interpreted G. L. c. 140, § 32J, second par., cl. 4, and whether summary judgment should have been granted, because the defendant is no longer in possession of the lot in question and the plaintiff has regained possession. Therefore, the plaintiff's case is (as the defendant-appellee suggests) moot. See *Central Hosp., Inc.* v. *Commissioner of Pub. Health*, 377 Mass. 907 (1979); *Bucci* v. *Planning Bd. of Lincoln*, 4 Mass. App. Ct. 775 (1976). Contrast *Ottaway Newspapers, Inc.* v. *Appeals Ct.*, 372 Mass. 539, 550 (1977).

Accordingly, the action having become moot on appeal, the judgment appealed from is vacated with a notation that the decision is not on the merits, and the action is remanded to the Superior Court with directions that it be dismissed. Neither party is to have costs of appeal. Mass.R.A.P. 26(a), 365 Mass. 873 (1974).

*So ordered.*

*Edward A. Roster*, for the plaintiff, submitted a brief.